UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:05CV-237-H

GREG DOUGLAS, SHANNON DOUGLAS,
and SHANNON DOUGLAS as Parent and
Next Friend of JUSTIN DOUGLAS             PLAINTIFFS

V.

C. RUEFF SIGN COMPANY, INC., and
THOMAS R. HARTLERODE               DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

  This is an auto accident tort case. Defendant, C. Rueff Sign Company, has moved for leave to file a third party complaint against an unknown tortfeasor, in this instance a vehicle operator whose actions allegedly contributed to causing the accident at issue. The consequence of allowing such an amendment is to permit the possibility that some of the liability for Plaintiffs' injuries may be apportioned to a person who is not before the Court and who is currently unavailable to pay their share of any verdict. The parties dispute the applicability of *Kentucky Farm Bureau Mutual Ins. Co. v. Ryan*, 177 S.W.3d 797 (Ky. 2005). The result of that dispute resolves the motion.

  This Court must determine whether KRS 411.182 and Rule 4.15, Kentucky Rules of Civil Procedure, permit an action against an unknown alleged tortfeasor and apportionment of fault against that tortfeasor. The *Ryan* case provides the Court with plenty of guidance to answer these questions. Even though *Ryan* involves contract aspects of an indulging tort claim, the

Kentucky Supreme Court made observations which cause this Court to conclude that the amended complaint is appropriate.

The Kentucky Supreme Court laid to rest any concern about the appropriateness of an action against an unknown tortfeasor. CR 4.15 "permits an action against an unknown defendant." *Id.* at 803. Moreover, "upon compliance with the service of process procedures set forth in CR 4.05, 4.06, 4.07, the action may proceed accordingly." *Id.*

In *Ryan*, the Kentucky Supreme Court also held that KRS 411.182 did not apply to contract claims such as those at issue. However, the Court discussed the application of that statute as well as the application of comparative fault generally. The Court noted that the Kentucky legislature intended that the comparative fault statute assure that "one is liable for an amount equal to his degree of fault, no more and no less." *Id.* (citing *Regenstreif v. Phelps*, 142 S.W.2d 1, 6 (Ky., 2004). The Court criticized the underlying Court of Appeals decision for "essentially resurrecting the concept of joint and several liability." *Id.* at 803. This Court has no doubt that in *Ryan* the Kentucky Supreme Court has articulated its belief that a currently unknown tortfeasor can be made a party for purposes of apportionment, when the evidence warrants it. Such a procedure is necessary to assure that each tortfeasor pay their fair share.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motion for leave to file a third party complaint is SUSTAINED and the third party complaint is ORDERED FILED.

cc:     Counsel of Record